## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES EARL KITTRELL

Petitioner,

v.

Case No. 1:17-CV-1014 (TNM)

U.S. PAROLE COMMISSION,

Respondent.

## MEMORANDUM OPINION

At the time James E. Kittrell ("Petitioner") filed his Writ of Habeas Corpus Petition ("Pet."), he was detained at the Central Detention Facility on a parole violation warrant issued by the United States Parole Commission ("USPC"). *See* Pet. at 1. According to Petitioner, he had been in custody since December 12, 2016, yet neither a probable cause hearing nor a parole revocation hearing had been held. *See id.* Because the USPC failed to conduct a parole revocation hearing within a reasonable time, *see id.*, Petitioner argued his detention was "wrongful, unlawful and illegal," *id.* at 2. Thus, Petitioner demanded his immediate release.

This Court issued an order to show cause on May 30, 2017, and the USPC filed its response on June 27, 2017. *See generally* U.S. Parole Comm'n's Opp. to Pet. for Writ of Habeas Corpus ("USPC Opp."). The Court issued an order on October 11, 2017, affording Petitioner an opportunity to file a reply, [Dkt. #8], and on Petitioner's motion, [Dkt. #9], later extended the deadline for his reply to December 11, 2017. Min. Order Nov. 1, 2017. To date, Petitioner has not filed a reply.

The USPC represented that a hearing examiner conducted Petitioner's revocation hearing on May 9, 2017, *see* USPC Opp., Ex. 13, and that the USPC "[r]evoke[d] parole." *Id.*, Ex. 15 at 1. Further, the USPC set Petitioner's "[r]e-parole effective November 10, 2017 after the service

of 146 months" in custody. *Id.* According to the Federal Bureau of Prisons' Inmate Locator, Petitioner was released on November 9, 2017. Record for James Earl Kittrell, Register Number: 90599-083, Federal Bureau of Prisons' Inmate Locator, https://www.bop.gov/inmateloc/ (select the "Find By Name" tab; then search for James Earl Kittrell) (last visited January 6, 2018).[1]

Now that the USPC has conducted the revocation hearing and Petitioner has been released from custody, his petition is moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) (where respondents only "attack[ed] their sentences, and since those sentences expired during the course of these proceedings, this case is moot"); *Stoddard v. United States Parole Comm'n*, 2011 U.S. Dist. LEXIS 143605, *3 (D.D.C. Dec. 14, 2011) (where the petitioner's "term of supervision has ended, and he has been released from custody . . . the Court deems the petition moot").

In the alternative, I also find that Petitioner could not have prevailed in any event. Habeas relief in this circumstance is only available if petitioner has shown that the USPC's delay in conducting his revocation hearing was both unreasonable and prejudicial. *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). Petitioner has not done so, and thus does not demonstrate an entitlement to habeas relief. *See Speight v. Johnston*, 969 F. Supp. 2d 10, 13 (D.D.C. 2013). Furthermore, the ordinary remedy for a prisoner in Petitioner's circumstance— remaining in custody long past the deadline for his revocation hearing—would be a writ of mandamus compelling the USPC's compliance with the relevant statute or regulation. *See Sutherland*, 709 F.2d at 732. This Petitioner has already received his revocation hearing, and,

---

[1] The Court can take judicial notice of "an adjudicative fact . . . that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b).

therefore, he would not be entitled to mandamus relief. *See Colts v. United States Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008) (where "the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to mandamus relief").

Accordingly, I hereby DENY the petition for a writ of habeas corpus, and DISMISS this civil action. An Order will issue separately.

Dated: January 8, 2018

TREVOR N. MCFADDEN
United States District Judge